UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>v. )<br> )<br>JONATHAN HOGGE )<br>_____ )<br> )<br>JONATHAN HOGGE )<br>v. )<br>UNITED STATES OF AMERICA ) | **2:07-cr-00046**<br>**2:12-cv-00135** |

OPINION AND ORDER

Jonathan Hogge filed a petition under 28 U.S.C. § 2255 seeking to overturn his criminal conviction. (Docket Entry 255.) An evidentiary hearing was held at which Hogge represented himself. This was in error, as Hogge should have had appointed counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, so the Seventh Circuit has remanded the case to this Court to hold a new evidentiary hearing.

THEREFORE the Federal Public Defender is **ORDERED to appoint counsel to represent Hogge at a new evidentiary hearing.**

**Appointed counsel for Hogge and counsel for the government are ORDERED to appear for an evidentiary hearing on the Section 2255 motion on May 19, 2015 at 10:00 a.m.**

Additionally, Hogge has filed two motions seeking (1) to vacate the restitution order imposed in connection with his criminal conviction (DE 294), and (2) to Vacate Lien/Levy in connection with the restitution order (DE 293). These motions are both **DENIED** because any decision on them would be pointless at this stage given the upcoming evidentiary

hearing on the 2255 motion, which may bear on the restitution order underlying these motions.

Finally, Hogge has moved for bond pending the outcome of the new evidentiary hearing. (DE 314.) He bases the request on 18 U.S.C. § 3143, which provides guidelines for release or detention pending sentence or appeal. To begin with, Hogge has a 2255 motion pending in his original criminal case; he is neither awaiting sentencing, nor does he have a pending appeal. Furthermore, the Seventh Circuit's Order requiring a new evidentiary hearing on Hogge's 2255 petition due to the procedural error of failing to appoint counsel for the hearing is not a statement of Hogge's innocence in the underlying criminal case. Even if Hogge were to prevail on his 2255 motion, his relief *could then* be resentencing or a new trial, depending on the circumstances; a 2255 motion is not by any means likely to exonerate him. Hogge provides no basis or precedent for his request of release on bond while his 2255 motion is pending. Unless and until he prevails on the 2255 motion, Hogge remains a convicted, sentenced defendant without a pending appeal, and there is no basis upon which to release him on bond as he requests. Hogge's motion for bond is therefore **DENIED**. (DE 314.)

SO ORDERED.

Entered: January 5 , 2015

/s/ Philip P. Simon
**Philip P. Simon, Chief Judge**
**United States District Court**

hearing on the 2255 motion, which may bear on the restitution order underlying these motions.

Finally, Hogge has moved for bond pending the outcome of the new evidentiary hearing. (DE 314.) He bases the request on 18 U.S.C. § 3143, which provides guidelines for release or detention pending sentence or appeal. To begin with, Hogge has a 2255 motion pending in his original criminal case; he is neither awaiting sentencing, nor does he have a pending appeal. Furthermore, the Seventh Circuit's Order requiring a new evidentiary hearing on Hogge's 2255 petition due to the procedural error of failing to appoint counsel for the hearing is not a statement of Hogge's innocence in the underlying criminal case. Even if Hogge were to prevail on his 2255 motion, his relief *could then* be resentencing or a new trial, depending on the circumstances; a 2255 motion is not by any means likely to exonerate him. Hogge provides no basis or precedent for his request of release on bond while his 2255 motion is pending. Unless and until he prevails on the 2255 motion, Hogge remains a convicted, sentenced defendant without a pending appeal, and there is no basis upon which to release him on bond as he requests. Hogge's motion for bond is therefore **DENIED**. (DE 314.)

SO ORDERED.

Entered: January 5 , 2015

/s/ Philip P. Simon
**Philip P. Simon, Chief Judge**
**United States District Court**